## KEONI KAPU *vs.* M. McINERNY.

ASSUMPSIT.  BEFORE HARRIS, C.J., IN INTERMEDIARY COURT.

JANUARY, 1880.

Delivery of bunches of bananas, on the steamer wharf, to a servant of the buyer, who counted, sorted and ticketed them with names of consignees, held to be a sale and delivery: and the claim of the buyer, that the contract called for a delivery on board the steamer, held not proven.

DECISION OF HARRIS, C.J., ON APPEAL FROM POLICE JUSTICE OF HONOLULU.

The question in this case is what constitutes the sale and delivery of the 155 bunches of bananas, the subject in question. It is admitted on all hands that the bananas were put upon the steamer wharf and left in charge of Antone Rosa, who objected to some of them as being smaller than the others, and separated 25 bunches of them and pronounced them to be worth 75 cents a bunch.   In other words, he deducted 25 cents from agreed general price, which is a dollar and ten cents, the ten cents being in plaintiff's mind the payment for freight.  The plaintiff consented to this deduction, saw the tags put on them, left them, and, as he says, considered his work with them done. The tags spoken of were the names of the consignees in San Francisco.   Now if this constituted a delivery by the plaintiff and receipt by the defendant, there can be no question of the liability.   The defendant alleges that Rosa was no agent of his, and did not take them for account of himself, but for account of the plaintiff; that the agreement with the plaintiff was that the bananas were not to be considered delivered and the sale complete until they were aboard the ship, and introduced several persons as witnesses to show that such was their understanding of their own agreement with the defendant.

Now it is obvious that if this kind of testimony was objected to, it could not be admitted, since these witnesses were not

present at the agreement with this plaintiff, and the agreement with one person is not evidence of an agreement with another.

Kapu, the plaintiff, testifying for himself, says that his bargain was "when the bananas were delivered at the wharf my connection ceased;" and again, "I asked defendant to pay for the bananas and he refused because they were not on board, but I had nothing to do with them because he had his labels on ·them."

Keoni Kukiiahu testified that he was present at the bargain, and defendant said, "When delivered at Honolulu at the wharf and my man counts them, they are mine;" and again, "Antone Rosa received· the bananas from the schooner, and when they were all ashore he arranged them and put aside the small ones. He picked 130 bunches which, as he said, were worth $1 each, and twenty-five bunches worth 75 cents each. I saw him put the tags or labels on the bananas. I didn't ask Antone Rosa to look after my bananas during the night. I understood that when I delivered the bananas my connection with them ceased."

· The wife of the plaintiff testified that she was not there at the first conversation, but that some two months afterwards she went to defendant's store with her husband, and defendant offered two papers in the English language, which she, being well acquainted with the English language, interpreted to her husband who is not acquainted with it. The substance of these papers was that the bananas were not to be at the risk of the defendant until they were delivered on board, and the plaintiff was to receive his money only after the bananas were delivered on board. She further says that her husband, the plaintiff, refused to sign these papers because he said they differed from the first agreement, and after some conversation defendant tore them up and said, "I suppose you won't cheat me, it is all right between you and me." "When the bananas are on the wharf they are mine, and he (Kapu) can get his money when he wants it." It appears that the plaintiff does not speak the English language, and the defendant does not speak the Hawaiian language.

To oppose this testimony, the defendant introduces his shop-boy (a half-breed Hawaiian), who says he interpreted between the parties on one occasion, and Antone Rosa and plaintiff's wife were there; and he says the defendant said that "he would pay for the bananas when on board the steamer and not before, and when on the wharf they were not his, and the plaintiff said all right;" and farther says, "I know that if the steamer does not come, the sellers do not get their money." He farther says on cross-examination, that he has worked for the defendant three years, and that he interpreted only once about bananas, and Mrs. Kapu was present but Rosa was not.

Now, inasmuch as the steamer had omitted to come but once before, it is evident that he did not have any good basis to form his idea of the custom if the steamer did not come. And again, if Mrs. Kapu was there and Rosa was not, it was the second conversation and not the first that he was a witness to; and it is very certain that the second conversation was touching the papers which the plaintiff refused to sign, for Mr. McInerny in his testimony states that such papers were prepared and offered to plaintiff on that occasion. If it was the first conversation that he was alluding to, and he is mistaken regarding Mrs. Kapu being there, it is clear that the second conversation was the one which would be conclusive upon this point, for on that occasion the point was distinctly put to the plaintiff that the delivery was not to be complete until they were aboard, and he has distinctly refused to accede to the condition.

Kibling, another of the defendant's shop boys, says he does not understand the Hawaiian language; was present at the first conversation, and defendant gave plaintiff distinctly to understand that the bananas were not to be paid for until they were aboard the vessel. The witness could not know what the plaintiff understood, because he didn't understand his language, but his testimony would not cover the point, because it would not cover the second conversation, and besides that, it does not cover the point of delivery and receipt because it is very practicable that the delivery and receipt might be as plaintiff

avers, and the time for payment be fixed after the sailing of the vessel, as, if I buy a lot of goods and take delivery of them and promise to pay for them after a certain vessel has arrived, which never does arrive, I shall not be absolved from payment.

And this is the whole gist of Rosa's testimony, who says that the money is never paid until they are aboard the vessel; but he does not allude to the second conversation, nor prove in any way that the delivery on the wharf was not agreed to be the delivery to Mr. McInerny. But, says the defendant, Mr. Rosa was not my agent, I pay him no salary. Whether or not a person pays a salary to another has no effect on the question of agency; though, by the way, this defendant says in his testimony that he does give Rosa, from time to time, a dollar or two for his trouble in saving him (the defendant) from staying up nights. He likewise states, in his testimony, that the payment was to be when on board and receipted for by the freight clerk, but he does not meet the averment of plaintiff and his wife that they refused to agree that the delivery was not complete as soon as the bananas were delivered to and counted by the plaintiff's man Rosa. Mr. McInerny further states that Rosa counts for him, brings him receipt for gross numbers, gives him likewise a memorandum of what each grower brings, tickets them to the consignees, which he says are three different parties. Surely this constitutes an agency for the purpose of receiving those bananas.

So that by every rule of law, and by all the evidence, the sale and delivery of the bananas was complete according to the bargain between these two parties; and it made no difference to the plaintiff whether the steamer came or not, his uncontradicted bargain was that when they were delivered at the wharf he was done with them, and therefore let judgment be entered for the plaintiff for $164.25, and costs of this and lower Courts.

*S. B. Dole,* for plaintiff.

*R. F. Bickerton,* for defendant.

Honolulu, January 31st, 1880.